**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Associated Bank Minnesota, a Minnesota Bank Corporation,

Plaintiff,

vs.

Stephen D. King,

Defendant.

Court File No. 01-CV-1562 (JMR/FLN)

**CONFESSION OF JUDGMENT**

---

Defendant Stephen D. King, an individual, hereby confesses judgment pursuant to Minn. Stat. § 548.22, and agrees to entry of judgment in the above-entitled action in favor of Associated Bank, Minnesota, a Minnesota Bank Corporation ("Associated Bank") in the sum of $635,835.95 (representing the principal and accrued interest on a note given by King to Associated Bank), and attorneys fees and costs in the aggregate of $1,605.50. King authorizes entry of judgment against him in that total sum of $637,441.45.

King acknowledges and agrees that the sum referenced in the above paragraph is justly and rightfully due and owing from him to Associated Bank under the terms of a personal note given by King to Associated Bank, and on which note King subsequently defaulted. (A copy of the note on which King defaulted is attached as Exhibit A to this Confession of Judgment.) King has no objection and/or waives any objection to the entry of judgment against him, and this judgment shall be a final judgment.

ORIGINAL 7

FEB 2002

This Confession of Judgment shall be binding upon King's successors and assigns, and shall be construed in accordance with the laws of the State of Minnesota.

Dated: ~~September~~ Dec 14, 2001

Stephen D. King

STATE OF MINNESOTA )
) SS.
COUNTY OF HENNEPIN )

VERIFICATION

I, Stephen D. King, have read the foregoing Confession of Judgment and know the contents thereof. It is true of my own knowledge. I declare under penalty of perjury that foregoing is true and correct and that this Confession of Judgment was executed on this 14 day of Dec, 2001 at Mpls, Minnesota.

Subscribed and sworn to before me

this 14 day of December, 2001.

Notary Public

CHRISTINE J. GARRISON
Notary Public
Minnesota
My Commission Expires Jan. 31, 2005

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call | Collateral | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|---|
| $590,654.99 | 08-01-2000 | 11-01-2000 | 70002434 | 91 | 3600 | 101786 | EFT | |

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item.

**Borrower:** STEPHEN D. KING
8260 NORTH CREEK DRIVE #140
CINCINNATI, OH 45236

**Lender:** ASSOCIATED BANK MINNESOTA
WINDSOR OFFICE
740 MARQUETTE AVENUE SOUTH
MINNEAPOLIS, MN 55402

**EXHIBIT**

A

**Principal Amount: $590,654.99** **Initial Rate: 9.500%** **Date of Note: August 1, 2000**

PROMISE TO PAY. **STEPHEN D. KING ("Borrower") promises to pay to ASSOCIATED BANK MINNESOTA ("Lender"), or order, in lawful money of the United States of America, the principal amount of Five Hundred Ninety Thousand Six Hundred Fifty Four & 99/100 Dollars ($590,654.99), together with interest on the unpaid principal balance from August 1, 2000, until paid in full.**

PAYMENT. **Borrower will pay this loan in one principal payment of $590,654.99 plus interest on November 1, 2000. This payment due November 1, 2000, will be for all principal and accrued interest not yet paid. In addition, Borrower will pay regular monthly payments of all accrued unpaid interest due as of each payment date, beginning September 1, 2000, with all subsequent interest payments to be due on the same day of each month after that.** The annual interest rate for this Note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing. Unless otherwise agreed or required by applicable law, payments will be applied first to accrued unpaid interest, then to principal, and any remaining amount to any unpaid collection costs and late charges.

**VARIABLE INTEREST RATE.** The interest rate on this Note is subject to change from time to time based on changes in an independent index which is the PRIME RATE OF INTEREST AS PUBLISHED EACH BUSINESS DAY IN THE MONEY RATES SECTION OF THE WALL STREET JOURNAL (the "Index"). The Index is not necessarily the lowest rate charged by Lender on its loans. If the Index becomes unavailable during the term of this loan, Lender may designate a substitute index after notice to Borrower. Lender will tell Borrower the current Index rate upon Borrower's request. Borrower understands that Lender may make loans based on other rates as well. The interest rate change will not occur more often than each DAY. **The Index currently is 9.500% per annum. The interest rate to be applied to the unpaid principal balance of this Note will be at a rate equal to the Index, resulting in an initial rate of 9.500% per annum.** NOTICE: Under no circumstances will the interest rate on this Note be more than the maximum rate allowed by applicable law.

**PREPAYMENT.** Borrower agrees that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be subject to refund upon early payment (whether voluntary or as a result of default), except as otherwise required by law. Except for the foregoing, Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, they will reduce the principal balance due.

**LATE CHARGE.** If a payment is **10 days or more late,** Borrower will be charged **5.000% of the unpaid portion of the regularly scheduled payment.**

**DEFAULT.** Borrower will be in default if any of the following happens: (a) Borrower fails to make any payment when due. (b) Borrower breaks any promise Borrower has made to Lender, or Borrower fails to comply with or to perform when due any other term, obligation, covenant, or condition contained in this Note or any agreement related to this Note, or in any other agreement or loan Borrower has with Lender. (c) Any representation or statement made or furnished to Lender by Borrower or on Borrower's behalf is false or misleading in any material respect either now or at the time made or furnished. (d) Borrower dies or becomes insolvent, a receiver is appointed for any part of Borrower's property, Borrower makes an assignment for the benefit of creditors, or any proceeding is commenced either by Borrower or against Borrower under any bankruptcy or insolvency laws. (e) Any creditor tries to take any of Borrower's property on or in which Lender has a lien or security interest. This includes a garnishment of any of Borrower's accounts with Lender. (f) Any of the events described in this default section occurs with respect to any guarantor of this Note. (g) A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired. (h) Lender in good faith deems itself insecure.

If any default, other than a default in payment, is curable and if Borrower has not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured (and no event of default will have occurred) if Borrower, after receiving written notice from Lender demanding cure of such default: (a) cures the default within fifteen (15) days; or (b) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance on this Note and all accrued unpaid interest immediately due, without notice, and then Borrower will pay that amount. Upon default, including failure to pay upon final maturity, Lender, at its option, may also, if permitted under applicable law, increase the variable interest rate on this Note to 2.000 percentage points over the Index. The interest rate will not exceed the maximum rate permitted by applicable law. Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower also will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses whether or not there is a lawsuit, including attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law. **This Note has been delivered to Lender and accepted by Lender in the State of Minnesota. If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of HENNEPIN County, the State of Minnesota. This Note shall be governed by and construed in accordance with the laws of the State of Minnesota.**

**RIGHT OF SETOFF.** Borrower grants to Lender a contractual security interest in, and hereby assigns, conveys, delivers, pledges, and transfers to Lender all Borrower's right, title and interest in and to, Borrower's accounts with Lender (whether checking, savings, or some other account), including without limitation all accounts held jointly with someone else and all accounts Borrower may open in the future, excluding however all IRA and Keogh accounts, and all trust accounts for which the grant of a security interest would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on this Note against any and all such accounts.

**COLLATERAL.** This Note is secured by 328,000 SHARES OF POPMAIL.COM STOCK PER COMMERCIAL PLEDGE AND SECURITY AGREEMENT DATED AUGUST 1, 2000.

**SECURITIES DEFAULT.** IF THE CURRENT MARKET VALUE OF THE SECURITIES PLEDGED AS COLLATERAL TO THIS LOAN DECREASES TO LESS THAN 90% OF THE MARKET VALUE TODAY, THE LOAN WILL BE IN DEFAULT. THE MARKET VALUE TODAY IS $328,000.00.

**PRIOR NOTE.** THIS NOTE AMENDS AND RESTATES NOTE #97097904 DATED APRIL 14, 1998, IN THE ORIGINAL AMOUNT OF $650,000.00 GIVEN BY STEPHEN D. KING TO ASSOCIATED BANK MINNESOTA fka BANK WINDSOR AND IS NOT INTENDED TO DISCHARGE ANY INDEBTEDNESS

# PROMISSORY NOTE
(Continued)



EVIDENCED BY SUCH OTHER NOTE. THIS NOTE AMENDS AND RESTATES NOTE #97091905 DATED APRIL 14, 1999, IN THE ORIGINAL AMOUNT OF $300,000.00 GIVEN BY STEPHEN D. KING TO ASSOCIATED BANK MINNESOTA fka BANK WINDSOR AND IS NOT INTENDED TO DISCHARGE ANY INDEBTEDNESS EVIDENCED BY SUCH OTHER NOTE.

**GENERAL PROVISIONS.** Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, protest and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan, or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made.

**SECTION DISCLOSURE.** This loan is made under Minnesota Statutes, Section 47.59.

**PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS. BORROWER AGREES TO THE TERMS OF THE NOTE AND ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THE NOTE.**

**BORROWER:**

X ______________________
STEPHEN D. KING


LASER PRO, Reg. U.S. Pat. & T.M. Off., Ver. 3.29 (C) Concentrex 2000 All rights reserved. [MN-D20 70002434.LN C8.OVL]